**TESSER | GROSSMAN LLP**
11726 San Vicente Boulevard, Suite 450
Los Angeles, California 90049
Telephone: (310) 207-4558
BRANDON M. TESSER (SBN 168476)
brandon@tessergrossman.com
ROBERT PAREDES (SBN 255329)
robert@tessergrossman.com
Attorneys for Plaintiff,
ELOHIM EPF USA, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOHIM EPF USA, INC., a California Corporation,<br><br>                    Plaintiff,<br>        vs.<br><br>JEON SU LEE dba Jin Music Studio; and DOES 1 through 20, inclusive<br><br>                    Defendants. | Case No.: **'26 CV 3750 JLS  SBC**<br><br>**COMPLAINT FOR**<br><br>    1. **DIRECT COPYRIGHT INFRINGEMENT;**<br>    2. **CONTRIBUTORY COPYRIGHT INFIRNGEMENT**<br>    3. **VICARIOUS COPYRIGHT INFRINGEMENT;**<br>    4. **INDUCING COPYRIGHT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff Elohim EPF, USA, Inc. alleges as follows:

## I

## JURISDICTION

1.     This court has subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

**COMPLAINT**
- 1 -

## II

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), in that all of the defendants, or their agents, reside or may be found in the district.

3. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) in that either: (1) one or more defendants reside in this district, and all defendants reside in this state; (2) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (3) at least one defendant resides in this district, if there is no district in which the action may otherwise be brought.

## III

## PARTIES

4. Plaintiff ELOHIM EPF USA, INC. ("Elohim" and/or "Plaintiff") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Brea, California. Elohim is the United States publisher for various South Korean songwriters, and the sub-publisher for a substantial number of music publishers in the Republic of Korea ("Korea") and, as such, controls the rights to license compositions for those songwriters and publishers in the United States.

5. Defendant JEON SU LEE ("LEE") is, upon information and belief, a resident of San Diego County, and the sole proprietor of JIN MUSIC STUDIO ("JIN"). Upon information and belief, LEE directs, controls and ratifies the operation and management of JIN, and has a direct financial interest in it. LEE is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

6. All of the aforementioned defendants, and Doe defendants, when referred to collectively herein, shall be referred to as "Defendants."

7. All Defendants are joined pursuant to Fed. R. Civ. P. 20(a)(2).

COMPLAINT
- 2 -

8. Each of the Defendants publicly performs musical compositions and/or causes musical compositions to be publicly performed in connection with JIN's operation.

9. Elohim is ignorant of the true names and capacities of the Defendants sued herein as Does 1-20, inclusive, and therefore sues these Defendants by such fictitious names. Elohim will amend this Complaint to allege the true names and capacities when ascertained. Elohim is informed and believes, and on that basis alleges, that each of the fictitiously-named Defendants is responsible in some manner or capacity for the wrongful conduct alleged herein, and that Elohim's loss as alleged herein was proximately and/or directly caused by such Defendants' acts.

10. All of the claims for copyright infringement joined in this Complaint are governed and arise from or relate to the same transaction or occurrence, or series of transactions or occurrences, and one or more questions(s) of law or fact are common to all the parties. In particular, Elohim alleges that Defendants have infringed Elohim's copyrights by performing or causing the performance of Elohim's musical compositions without authorization. Thus, joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against the Defendants.

## IV

## FACTS COMMON TO ALL CLAIMS

### Elohim EPF, USA, Inc.

11. Commencing on or about July 1, 2013 and continuing through the present, Elohim has been and continues to be the exclusive publisher or subpublisher in the United States and Canada of thousands of well-known and popular Korean musical compositions. Elohim is also the exclusive publisher for

several Korean musical compositions in the United States and Canada.  These songs are referred to collectively herein as the "Compositions."

12.   A "subpublisher" is a term of art in the music publishing industry, which means a person or entity that has received from the copyright owner(s) a grant of the exclusive right in one (1) or more countries of the world to "administer" such musical compositions.  In the music publishing industry, a publisher differs from a subpublisher in that the copyright owner usually grants the "publisher" the exclusive right to administer musical compositions throughout the world, whereas a copyright owner usually grants one or more subpublishers the exclusive right to administer musical compositions for a territory less than the entire world.

13.   "Administer" is a term of art in the music publishing industry which means the right to license and grant all rights in the applicable musical compositions (and their copyrights), and to collect all monies earned in connection with such musical compositions.

14.   Pursuant to the terms of the publishing and subpublishing agreements between Elohim and the copyright holders of the Compositions, Elohim registered certain Compositions with the United States Copyright Office (hereinafter collectively the "Registered Compositions").  Although Elohim contends that Defendants have infringed its rights in all of the Compositions, this lawsuit concerns only the following Registered Compositions:

1.   Nal Ul Ri Neun Pha Do (PA 2-475-618)

2.   Ai In I Dwai Ju Se Yo (PA 2-475-799)

3.   Nai Ga I Reo Ryeo Go (PA 2-406-616)

4.   Chu Eog Eui Dai Gwan Ryeong (PA 2-403-397)

5.   Nu I (PA 2-433-779)

6.   Sa Rang I I Reon Geon Ga Yo (PA 2-475-615)

**COMPLAINT**
- 4 -

7.   Sa Rang Eui Theu Wi Seu Theu (PA 2-433-778 and PA 2-535-272)

8.   Ssam Ba Eui Yeo In (PA 2-499-443 and PA 2-535-275)

9.   Yeo Ja Yeo Ja Yeo Ja (PA 2-499-442 and PA 2-535-262)

10.   My Starry Love/Byeol Beet Goteun Naeui Sarang A (PA 2-394-372)

11.   Bo Ra Bich Yeob Seo (PA 2-433-780)

12.   Don't Cry (PA 2-394-877)

13.   Love Again (PA 2-040-861)

14.   A Ro Ha (PA 2-040-865)

15.   Yak Sok (PA 2-040-862)

16.   Chun Ja Ya (PA 2-475-596)

17.   Cham Joh Eun Sa Ram (PA 2-475-617)

18.   Sarang Hae Yo Guidae Reul (PA 2-398-438)

15.   Elohim is the exclusive owner of the United States copyright in and to the Registered Compositions.

16.   During all periods relevant to this action, Elohim has had and continues to have the exclusive rights in the copyright under the Copyright Act to the Registered Compositions, including a) the exclusive right to reproduce the Registered Compositions in copies or phonorecords (17 U.S.C. § 106(1)); b) the exclusive right to prepare derivative works based on the Registered Compositions (17 U.S.C. § 106(2)); c) the exclusive right to distribute copies or phonorecords of the Registered Compositions in the public by sale, rental, lease or lending (17 U.S.C. § 106(3)); d) the exclusive right to perform the Registered Compositions publicly (17 U.S.C. § 106(4)); and e) the exclusive right to display the Registered Compositions publicly (17 U.S.C. § 106(5)).

17.   Within the past three years Defendants have, in JIN, publicly performed and displayed and/or caused the public performance and display, of

the Registered Compositions by means of karaoke machines, video monitors, and sound systems.

**The Defendants**

18.    Karaoke, which means "empty orchestra" in Japanese, is a multi-million-dollar business.  Karaoke recordings are re-recordings of hit songs with the lead vocal tracks either omitted (instrumental) or sung by sound-alike artists (learning track).  Lyrics are usually displayed on a video screen, along with a moving symbol, changing color, or music video image as a "prompt" to guide the singer in singing-along with the track.

19.    According to public records, Defendants have, and continue to, own and operate so-called "karaoke bars" in the city of San Diego.  Defendants charge customers money for access to the many karaoke machines and karaoke equipment that Defendants have placed in JIN described herein.  The karaoke machines and other equipment, and the interaction of the customers with those machines, are the primary features of the experience for which customers pay Defendants.  Without karaoke music, Defendants would not be able to operate their businesses *at all*, and would earn no revenue; karaoke music is Defendants' stock-in-trade.  In other words, karaoke is the relevant activity at JIN.

20.    Upon entering JIN, one of Defendants' employees will assign patrons to one of the multiple individual karaoke rooms located therein.  In these individual karaoke rooms, Defendants have set up a karaoke machine(s), video monitor(s), and sound system(s) (*e.g.*, speakers, amplifier and microphone) such that patrons and/or the establishments' performers can access and perform the musical compositions pre-recorded onto the karaoke machines or the customers' electronic equipment, which compositions include the Registered Compositions. Within each room there is also a binder that lists all of the karaoke musical compositions (*i.e.*, songs) by name and number, for selection by customers, and which include the Registered Compositions.  After a patron selects a certain

COMPLAINT
- 6 -

musical composition, the instrumental music for the composition is played over the sound system, while concurrently a video monitor displays the lyrics for the musical composition so that the patron can sing along.

21. A fundamental legal requirement for publicly performing copyrighted musical compositions embodied in karaoke recordings is a license granting the right of public performance, which must be obtained from the owner and/or administrator of the copyright of the musical compositions to be performed. In addition, the public visual display of song lyrics on the video monitors of the karaoke machines enjoys independent copyright protection, and thereby requires a separate license granting the right of display, which must also be obtained from the owner and/or administrator of the musical compositions.

22. Here, Elohim has not granted Defendants the right to publicly perform or publicly display any of the Registered Compositions. Moreover, Defendants have known that their continued public performance and public display of each of the Registered Compositions constituted copyright infringement prior to the initiation of this action because Plaintiff sent cease and desist letters to Defendants. Despite Defendants' knowledge that they lacked authorization to publicly perform or publicly display the Registered Compositions, Defendants knowingly, willfully and intentionally continued their extensive use of each of the Registered Compositions in JIN and failed to pay Elohim for the right to publicly perform and publicly display each of the Compositions as required by 17 U.S.C. §§ 106(4) and (5).

///

///

///

///

**FIRST CLAIM FOR RELIEF FOR**

# DIRECT COPYRIGHT INFRINGEMENT

## (Against All Defendants)

23.    Elohim repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

24.    As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the public performance and public display of the Registered Compositions in the territory of the United States.

25.    Since JIN's inception, Defendants have publicly performed and publicly displayed, and/or caused or authorized the public performance and public display, of each of the Registered Compositions by means of one or more karaoke machines and through elaborate sound systems and video monitors. Each of the public performances and public displays of the Registered Compositions has been conducted without a license or authorization from Elohim.

26.    Thus, Defendants have knowingly and intentionally authorized, caused, and engaged in the unlicensed public performance and public display of each of the Registered Compositions in violation of Elohim's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106(4) and (5).

27.    On information and belief, Defendants' unlawful conduct has continued since JIN's inception on a nightly basis and on such numerous occasions that recounting each specific instance of infringement is impossible.

28.    Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of direct copyright infringement.

29.    Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of direct copyright infringement.

30.     The specific acts of copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Elohim significant damage.  By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at JIN, Defendants threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Elohim will suffer irreparable injury for which it has no adequate remedy at law.

31.     Elohim also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

32.     Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' direct infringement of Elohim's copyrights, it is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions infringed.  Alternatively, at Elohim's election, pursuant to 17 U.S.C. § 504(b), it is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

33.     Elohim is also entitled to recover attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

## SECOND CLAIM FOR RELIEF FOR
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against All Defendants)

34.     Elohim repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

35.     As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the

public performance and public display of the Registered Compositions in the territory of the United States.

36. Defendants charge patrons money to access the karaoke machines that Defendants have placed in JIN. Patrons pay Defendants an hourly rate for access to one of Defendants' rooms, wherein patrons are provided the opportunity and ability to cause the public performance and public display of each of the Registered Compositions without a license. The sole purpose of the individual rooms is to provide patrons with a space to publicly perform and publicly display musical compositions (including the Registered Compositions) in the karaoke machines and via electronic equipment provided by Defendants, and to charge patrons for such use.

37. By providing patrons the space and ability (i.e., by furnishing the individual rooms with a karaoke machine, video monitor and sound system to play recordings of the musical compositions and display their lyrics) to publicly perform and to publicly display each of the Registered Compositions, Defendants have knowingly and systematically induced, caused, materially contributed to and participated in the infringing activity.

38. Furthermore, as sophisticated business owners, Defendants know that they must have a license for the public performance and public display of the musical compositions in the karaoke rooms that Defendants have on their premises. Prior to this litigation, Defendants were in receipt of, and/or were aware of, cease and desist letter(s) and/or public announcements/press releases warning JIN to secure the proper licensing for the karaoke machines and musical compositions thereon, particularly a license for the Registered Compositions.

39. By knowingly providing patrons unfettered access to publicly perform and publicly display each of the unlicensed Registered Compositions, Defendants have engaged in contributory copyright infringement. Despite Defendants' knowledge that they lacked authorization to publicly perform and to

publicly display each of the Registered Compositions, Defendants knowingly, willfully and intentionally continued to induce, cause or materially contribute to the infringement of Elohim's rights by holding themselves out as a "karaoke bar" and providing patrons of JIN with individual rooms equipped to publicly perform and display each of the Registered Compositions in violation of Sections 105(4) and 106(5) of the Copyright Act.

40.　On information and belief, Defendants' contributory unlawful conduct has continued since the inception of JIN on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

41.　Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of contributory copyright infringement.

42.　Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of contributory copyright infringement.

43.　Defendants' conduct has been and continues to be intentional, willful, and with full knowledge of Elohim's rights in each of the Registered Compositions, and the contributory infringement thereof.

44.　The specific acts of contributory copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Elohim significant damage.  By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at JIN, Defendants threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Elohim will suffer irreparable injury for which it has no adequate remedy at law.

45. Elohim also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

46. Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' contributory infringement of Elohim's copyrights, it is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions. Alternatively, at Elohim's election, pursuant to 17 U.S.C. § 504(b), it is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

47. Elohim is also entitled to recovery attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

## THIRD CLAIM FOR RELIEF FOR
## VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

48. Elohim repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

49. As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the public performance and public display of the Registered Compositions in the territory of the United States.

50. Defendants charge patrons money to access the karaoke machines that Defendants have placed in JIN. Patrons pay Defendants an hourly rate for access to one of Defendants' rooms, wherein patrons are provided the opportunity and ability to cause the public performance and public display of each of the Registered Compositions without a license. The sole purpose of the individual rooms is to provide patrons with a space to publicly perform and publicly display

musical compositions (including the Registered Compositions) in the karaoke machines and through electronic equipment provided by Defendants, and to charge patrons for such use. In turn, Defendants have a direct financial interest in their patrons' unlawful public performance and public display of each of the Registered Compositions, as Defendants receive income directly from such use.

51. Defendants have absolute control over the use of the karaoke machines and electronic equipment on their premises, as well as their patrons' access to such equipment and individual karaoke rooms. Thus, Defendants have the right and ability to supervise, control and stop the unlicensed public performance and unlicensed public display of each of the Registered Compositions by Defendants' patrons.

52. As sophisticated business owners, Defendants know that they must have a license for the public performance and public display of the musical compositions in the karaoke machines and which made available through Defendants' electronic equipment that Defendants have on their premises. Furthermore, prior to this litigation, Defendants were in receipt of, and/or were aware of, cease and desist letter(s) and/or public announcements/press releases warning JIN to secure the proper licensing for the karaoke machines and musical compositions thereon, particularly a license for the Compositions (which include the Registered Compositions).

53. By knowingly providing patrons unfettered access to publicly perform and publicly display each of the unlicensed Registered Compositions, and charging patrons for such use, Defendants profit from the direct infringement of Elohim's rights and thereby have engaged in vicarious copyright infringement. Despite Defendants' knowledge that they lacked authorization to publicly perform and to publicly display each of the Registered Compositions, Defendants knowingly, willfully and intentionally continued to profit from such use and knowingly failed to stop it, notwithstanding their right and ability to supervise

the infringement in violation of Elohim's rights under Sections 105(4) and 106(5) of the Copyright Act.

54.   Since JIN's inception, Defendants have knowingly supervised and had a direct financial interest in the unauthorized public performance and unauthorized public display of each of the Registered Compositions.   On information and belief, Defendants' contributory unlawful conduct has continued since JIN's inception on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

55.   Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of vicarious infringement.

56.   Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of vicarious infringement.

57.   Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Elohim's rights in each of the Registered Compositions, and the vicarious infringement thereof.

58.   The specific acts of vicarious copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Elohim significant damage.   By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at JIN, Defendants threaten to continue committing copyright infringement on essentially a daily basis.   Unless this Court restrains Defendants from committing further acts of copyright infringement, Elohim will suffer irreparable injury for which it has no adequate remedy at law.

59.   Elohim also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

60.   Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' vicarious infringement of Elohim's copyrights, it is entitled to

recover up to $150,000 in statutory damages for each of the Registered Compositions. Alternatively, at Elohim's election, pursuant to 17 U.S.C. § 504(b), it is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

61. Elohim is also entitled to recovery attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

## FOURTH CLAIM FOR RELIEF FOR
## INDUCING COPYRIGHT INFRINGEMENT
### (Against All Defendants)

62. Elohim repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

63. As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the public performance and public display of the Registered Compositions in the territory of the United States.

64. Defendants charge patrons money to access the karaoke machines and electronic equipment that Defendants have placed in JIN. Patrons pay Defendants an hourly rate for access to one of Defendants' rooms, wherein patrons are provided the opportunity and ability to cause the public performance and public display of each of the Registered Compositions without a license. The sole purpose of the individual rooms is to provide patrons with a space to publicly perform and publicly display musical compositions (including the Registered Compositions) in the karaoke machines, and to charge patrons for such use.

65. By providing patrons the space and ability (*i.e.*, by furnishing the individual rooms with a karaoke machine, video monitor and sound system to play recordings of the musical compositions and display their lyrics) to publicly

perform and to publicly display each of the Registered Compositions, Defendants actively promote, encourage and induce their patrons to infringe Elohim's rights in each of the Registered Compositions.

66. Furthermore, as sophisticated business owners, Defendants know that they must have a license for the public performance and public display of the musical compositions in the karaoke machines that Defendants have on their premises. Furthermore, prior to this litigation, Defendants were in receipt of, and/or were aware of, cease and desist letter(s) and/or public announcements/press releases warning JIN to secure the proper licensing for Elohim's musical compositions, particularly a license for the Compositions (which include the Registered Compositions).

67. On information and belief, Defendants' contributory unlawful conduct has continued since JIN's inception on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

68. Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of inducing copyright infringement.

69. Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of inducing copyright infringement.

70. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Elohim's rights in each of the Compositions, and the inducement of infringement thereof.

71. The specific acts of vicarious copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Elohim significant damage. By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at JIN, Defendants threaten to continue committing copyright infringement on

essentially a daily basis. Unless this Court restrains Defendants from committing further acts of copyright infringement, Elohim will suffer irreparable injury for which it has no adequate remedy at law.

72. Elohim also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

73. Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' vicarious infringement of Elohim's copyrights, it is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions. Alternatively, at Elohim's election, pursuant to 17 U.S.C. § 504(b), it is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

74. Elohim is also entitled to recover attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

## PRAYER FOR RELIEF

WHEREFORE, Elohim prays for judgment as follows:

**On the First Claim for Direct Copyright Infringement against all Defendants:**

 A. For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

 B. For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C. For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D. For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E. For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F. For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On the Second Claim for Contributory Copyright Infringement against all Defendants:**

A. For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B. For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C. For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D. For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in

concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.    For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F.    For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On the Third Claim for Vicarious Copyright Infringement against all Defendants:**

A.    For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.    For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.    For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.    For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.    For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F.   For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On the Fourth Claim for Inducing Copyright Infringement against all Defendants:**

A.   For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.   For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.   For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.   For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.   For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies of or enabling performance or display of the Registered Compositions;

F.   For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On All Claims for Relief:**

A.   For costs of suit incurred herein;

B.      For prejudgment interest at the legal rate; and

C.      For such other and further relief as the Court deems just and proper.

Dated: June 26, 2026

TESSER | GROSSMAN LLP
BRANDON M. TESSER
ROBERT PAREDES

_____
ROBERT PAREDES
Attorneys for Plaintiff
ELOHIM EPF USA, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims for relief which may be tried to a jury.

Dated: June 26, 2026

TESSER | GROSSMAN LLP
BRANDON M. TESSER
ROBERT PAREDES

_____
ROBERT PAREDES
Attorneys for Plaintiff
ELOHIM EPF USA, INC.