UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELOHIM EPF USA, INC.,

Plaintiff,

v.

JEON SU LEE, d/b/a JIN MUSIC STUDIO, and DOES 1 through 20,

Defendants.

Case No.: 26-CV-3750 JLS (SBC)

**ORDER (1) GRANTING JOINT MOTION AND STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND (2) DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AS MOOT**

(ECF Nos. 13, 10)

Presently before the Court is the Parties' Joint Motion and Stipulation for Leave to File First Amended Complaint ("Joint Mot.," ECF No. 13) and Plaintiff Elohim EPF USA, Inc.'s Motion for Leave to File First Amended Complaint (ECF No. 10).

Rule 15 of the Federal Rules of Civil Procedure provides that when a party seeks to amend a complaint after a responsive pleading has been filed, the party may do so as long as (1) the opposing party consents or (2) the Court grants leave to amend. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also*

/ / /

*Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is to be granted with "extreme liberality").

Here, the opposing party consents; thus leave is not required. *See* Joint Mot. at 2 ("Defendant consents to the filing of the First Amended Complaint on the terms of this stipulation."). However, in any event, the Court finds leave should be granted as the Parties assert that amending the Complaint is necessary to add JS Versante, Inc. as a defendant, name Mr. Lee in his individual capacity, and remove three compositions from the claims. *Id.* The Court also determines there is no evidence of "bad faith, undue delay, prejudice to the opposing party, and/or futility," considering the determination should be performed with all inferences in favor of the motion. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Accordingly, the Court **GRANTS** the Joint Motion to Amend (ECF No. 13) as stipulated:

1. Plaintiff **SHALL FILE** the First Amended Complaint, in the form attached as Exhibit A to the Declaration of Robert Paredes (ECF No. 10-1), within seven (7) days of the date of this Order.
2. Plaintiff's claims as to the compositions Love Again (PA 2-040-861), A Ro Ha (PA 2-040-865), and Yak Sok (PA 2-040-862), to the extent based on conduct occurring on or before the date of this Order, are **DISMISSED WITH PREJUDICE** as to Jeon Su Lee and JS Versante, Inc. Each party shall bear its own attorney's fees and costs as to those claims, and no party shall seek fees or costs under 17 U.S.C. § 505 or otherwise as to those claims.
3. Counsel for Jeon Su Lee having accepted service on behalf of JS Versante, Inc., service of the summons and First Amended Complaint on JS Versante, Inc. may be made by email to that counsel. Jeon Su Lee and JS Versante, Inc. **SHALL RESPOND** to the First Amended Complaint within twenty-one (21) days after it is filed.
4. The Scheduling Order (ECF No. 8) remains in effect, and no date in it is changed

by the amendment. The parties' existing discovery requests, responses, admissions, productions, and disclosures remain of record and apply to the action as amended. The per-side limits in paragraph 4 of the Scheduling Order remain in effect, without prejudice to any party's right to seek leave of Court.

5. Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 10) is **DENIED AS MOOT**, and the hearing set for December 3, 2026, is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 20, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge